US DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

JAN 0 9 2026

Ronald E. Dowling
By_____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT FOR

# THE WESTERN DISTRICT OF ARKANSAS

# FAYETTEVILLE DIVISION

### UNITED STATES DISTRICT COURT CASE NO.: 5: 2U-CV- 500U

RICHARD BRIAN COPELAND,
Removing Defendant,

STATE OF ARKANSAS, Respondent.

On removal from: State of Arkansas v. Richard Brian Copeland, Washington County
Circuit Court, Case No. 72CR-25-871

## NOTICE OF REMOVAL OF CRIMINAL PROSECUTION UNDER 28 U.S.C. §§ 1443 & 1455;

### EMERGENCY APPLICATION FOR STAY; REQUEST FOR JUDICIAL NOTICE; AND SUPPORTING MEMORANDUM OF LAW

Removing Defendant Richard Brian Copeland ("Mr. Copeland"), by pro se, files this Notice of Removal pursuant to **28 U.S.C. § 1443 and § 1455** and respectfully moves for an immediate stay of further state-court proceedings, requests judicial notice under **Fed. R. Evid. 201**, and submits the following memorandum showing that this prosecution violates federal civil-rights guarantees and cannot proceed consistent with the Constitution.

## I. INTRODUCTION AND GROUNDS (SHORT AND PLAIN STATEMENT)

This prosecution is the product of **(i)** constitutionally defective digital searches and seizures; **(ii)** a manufactured narrative ascribing capabilities to a consumer recording device that the device does not possess; **(iii)** malicious prosecution and due-process violations; and **(iv)** denial of Mr. Copeland's Sixth-Amendment autonomy and effective assistance—compounded by court-appointed counsel who refused to challenge obvious chain-of-custody defects and warrant infirmities. The cumulative effect is a proceeding *ultra vires* of constitutional limits. Mr. Copeland removes under **28 U.S.C. § 1443(1)** because he is being denied—indeed cannot enforce in Arkansas courts—federal rights secured by laws providing for equal civil rights and procedural guarantees, and under **§ 1455** for procedural compliance and emergency relief. In the alternative, he seeks any and all protective relief this Court deems proper, including a stay, *ex debito justitiae*.

## II. PROCEDURAL POSTURE AND TIMELINESS (28 U.S.C. § 1455)

1. State case: **State v. Copeland, No. 72CR-25-871** (Washington County Circuit Court). Charges include **Ark. Code Ann. § 5-16-101**.
2. Arraignment/next setting: This Notice is filed within the earlier of 30 days after arraignment or before trial or, if outside that window, upon good cause shown under **§ 1455(b)(1)**.

given newly revealed constitutional defects and counsel conflicts.

3. Attachments required by **§ 1455(b)(2)** are provided: copies of "all process, pleadings, and orders" served upon Mr. Copeland to date **(Ex. A),** together with sworn declarations authenticating exhibits.

## III. REQUEST FOR JUDICIAL NOTICE (FED. R. EVID. 201)

Mr. Copeland requests judicial notice of adjudicative facts not subject to reasonable dispute, including: **(1)** certified copies of the state-court docket, orders, and filings **(Ex. A); (2)** published technical specifications for the make/model of the pen-style camera seized **(Ex. E-1),** demonstrating limitations inconsistent with the State's narrative; **(3)** publicly available manufacturer manuals **(Ex. E-2);** and **(4)** the existence and holdings of cited federal and state decisions. See **Fed. R. Evid. 201(b)–(d).** The Court must take notice of facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

## IV. FACTUAL SUMMARY (ABBREVIATED)

**A.** On **April 12, 2025**, officers recovered a pen-style camera in a restroom at a local business. Without producing the issuing papers, the State claims a warrant authorized extraction of the device. **B.** On **April 29, 2025**, officers executed a residence/vehicle search warrant, conducted on-scene "previews," seized multiple devices, and later asserted discovery of "other videos." **C.** The State's theory depends on capabilities the seized device does **not** have (connectivity, storage/time stamps, and activation logic), rendering the narrative scientifically untenable. See **Ex. E** (Device Capabilities & Limitations). *Res ipsa loquitur.* **D.** Despite written "**Client Autonomy**" instructions, court-appointed attorneys **Nicole Rose Brooks** and later **Blake Chancellor** refused to file suppression challenges, refused to file motions to compel evidence, declined to litigate chain-of-custody irregularities (*including third-party movement with off-site storage of key evidence*), and threatened/berated Mr. Copeland for insisting on constitutional defenses. **See Exs. B** (Constitutional Emergency), and **C** (Autonomy Letter and Counsel Correspondence). This conduct violated **McCoy v. Louisiana, Faretta v. California, and Strickland v. Washington** principles and left federal rights effectively unenforceable in state court.

## V. REMOVAL STANDARD AND FEDERAL RIGHTS INVOKED

### A. 28 U.S.C. § 1443(1) (Civil-Rights Removal)
Removal is proper where a defendant " is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens." Mr. Copeland invokes: **1. Equal Protection & Due Process guarantees (U.S. Const. amends. V, XIV)** as implemented through **42 U.S.C. § 1983** and judicially enforceable trial rights, including fair trial, confrontation, and **Brady** disclosure. **2. Sixth-Amendment** autonomy and effective assistance rights: **McCoy v. Louisiana, 138 S. Ct. 1500 (2018)** (client's objective of maintaining innocence is inviolably his); **Faretta v. California, 422 U.S. 806 (1975)** (self-representation); **Gideon v. Wainwright, 372 U.S. 335 (1963)** (right to counsel); **Strickland v. Washington, 466 U.S. 668 (1984)** (effective assistance). **3. Fourth-Amendment** protections: **Riley v. California, 573 U.S. 373 (2014); Groh v. Ramirez, 540 U.S. 551 (2004); Franks v. Delaware, 438 U.S. 154**

(1978); **Mapp v. Ohio, 367 U.S. 643 (1961); Wong Sun v. United States, 371 U.S. 471 (1963). 4. Prosecutorial due process: Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972); Kyles v. Whitley, 514 U.S. 419 (1995).**

> **Note on enforceability:** Mr. Copeland alleges a state-court environment in which these rights are systematically nullified in *his* case through refusal by appointed counsel to present them, judicial tolerance of third-party evidence tampering, and the State's reliance on scientifically impossible device claims. This constitutes a practical denial of enforcement, rendering § 1443(1) removal appropriate. *Nullus commodum capere potest de injuria sua propria*—the State may not profit from its own wrong.

## B. 28 U.S.C. § 1455 (Procedure); Emergency Stay

This Notice is signed under **Fed. R. Civ. P. 11** and contains a short and plain statement of grounds, with all available process/pleadings/orders attached. Mr. Copeland requests an immediate stay and a prompt hearing under **§ 1455(b)(4).** Further state action should be enjoined pending this Court's determination to prevent irreparable constitutional injury.

## VI. SPECIFIC FEDERAL DEFECTS WARRANTING FEDERAL INTERVENTION

### 1. Malicious prosecution and due-process deprivations

Charging decisions and sworn affidavits rest on **(a)** device capabilities contradicted by manufacturer data; **(b)** misstatements/omissions material under **Franks**; and **(c)** custodial handling that obliterates reliability. The continued prosecution despite known exculpatory limits and chain defects is *malus animus*, violating due process and the **Fourth Amendment**. See **Thompson v. Clark, 142 S. Ct. 1332 (2022)** (favorable termination standard in **§ 1983** malicious-prosecution claims); **Manuel v. City of Joliet, 580 U.S. 357 (2017)** (pretrial detention unsupported by probable cause violates the **Fourth Amendment**).

### 2. Search-and-seizure violations (particularity, overbreadth, execution)

As briefed in Mr. Copeland's suppression motion (incorporated by reference, **Ex. D**), law enforcement exceeded any authorized scope, employed no meaningful digital search protocol, and conducted on-scene "rummaging," contravening **Riley, Groh, Hicks,** and persuasive circuit authority (e.g., **Galpin, Tamura**). Fruits include all "other videos and pictures."

### 3. Chain-of-custody and evidence-tampering irregularities

Third-party movement of the seized pen camera and off-site retention by non-law-enforcement actors break the chain of custody; the pen and sd card were reportedly taken "home." Admitting such evidence offends due process and the **Confrontation Clause. See Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009); Bullcoming v. New Mexico, 564 U.S. 647 (2011).**

### 4. Sixth-Amendment autonomy and ineffective assistance in state forum

Appointed counsel **Nicole Rose Brooks** and **Blake Chancellor** refused to file mandated suppression and **404(b)** challenges, yelled at Mr. Copeland, threatened him, and violated explicit autonomy instructions **(Ex. C).** Under **McCoy**, the decision to maintain innocence belongs to the accused; counsel cannot override or sabotage that objective. Under **Faretta**, once self-representation is asserted, the court must honor it or ensure substitute counsel follows client directives. The state forum has failed to vindicate these

rights. Newly appointed counsel, **Blake Chancellor** has yet to file any motions of defense and has stated that if Mr Copeland was to challenge the state in this matter and go to trial, The prosecutor would contact another county attorney to file new pending charge(s) against him.

## VII. CONSTITUTIONAL EMERGENCY AND IRREPARABLE HARM

Mr. Copeland files his Constitutional Emergency declaration **(Ex. B)**, detailing immediate and irreparable harms: forced prosecution on tainted digital evidence; inability to compel state actors to follow **Brady/Franks**; and counsel's refusal to mount a defense. Federal intervention is required to preserve the status quo and prevent entry of any conviction on a corrupted record. *Fiat justitia ruat caelum.*

## VIII. AUTHORITIES (SELECT)

• Constitution: **U.S. Const. amends. IV, V, VI, XIV.**
• Statutes: **28 U.S.C. §§ 1443(1), 1455; 42 U.S.C. § 1983.**
• Supreme Court: **Riley; Groh; Franks; Mapp; Wong Sun; Brady; Giglio; Kyles; McCoy; Faretta; Strickland; Melendez-Diaz; Bullcoming; Thompson; Manuel.**
• Treatises: **Corpus Juris Secundum (CJS) Criminal Law & Evidence; Matthew Bender (e.g., Criminal Procedure); West's Federal Practice & Procedure.**
• Latin maxims: as cited herein.
**Preservation note:** Mr. Copeland acknowledges that some courts construe **§ 1443(1)** to focus on rights stated in terms of racial equality. **Georgia v. Rachel, 384 U.S. 780 (1966); City of Greenwood v. Peacock, 384 U.S. 808 (1966); Johnson v. Mississippi, 421 U.S. 213 (1975).** He contends that the denial here— through systemic refusal to honor **Sixth-Amendment** autonomy and **Fourth/ Fifth/Fourteenth-Amendment** guarantees—renders his federal rights practically unenforceable in state court, satisfying **§ 1443(1)'s** second requirement, and he preserves all arguments for en banc and certiorari review.

## IX. RELIEF REQUESTED

Mr. Copeland respectfully requests that this Court: **1.** Accept removal of State v. Copeland, No. 72CR-25-871, under 28 U.S.C. §§ 1443 & 1455; **2.** Stay all state-court proceedings pending adjudication here; **3.** Take judicial notice under **Fed. R. Evid. 201** of the exhibits identified above; **4.** Set a prompt **evidentiary hearing** on the constitutional defects (**Franks, chain of custody, device capabilities, Brady/Giglio**); and **5.** Grant any further relief necessary to protect Mr. Copeland's federal rights, including dismissal if the State cannot proceed on lawfully obtained, reliable evidence.

Respectfully submitted,

RICHARD BRIAN COPELAND, Pro Se
36370 S. 640 Rd
Jay Oklahoma 74346

918-253-4911

usnsquid42@gmail.com

*Richard B. Copeland*

DATED: __1/9/2026__

**VERIFICATION (28 U.S.C. § 1455(b)(2))**

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge, information, and belief, and that copies of all available state-court process,

pleadings, and orders served upon me have been attached.


**CERTIFICATE OF SERVICE**

I certify that on January 9th 2026, I filed the foregoing with the Clerk of the United

States District Court for the Western District of Arkansas and served copies on the

Washington County Prosecuting Attorney and the Clerk of the Washington County

Circuit Court pursuant to **28 U.S.C. § 1455(b)(2).**

[Attorney Name]_____


**EXHIBIT INDEX**

Ex. A – State-court docket, charging instruments, orders, and pleadings (**72CR-25-871**).

Ex. B – Constitutional Emergency Declaration (Copeland). *See complaint*

Ex. C – Client Autonomy Letter & Counsel Correspondence (**Nicole Rose Brooks, Blake**

**Chancellor**)

Ex. D – Defense Motion to Suppress & **404(b)** Motions (incorporated by reference).

Ex. E – Device Capabilities & Limitations (1-mechanical/technical specs; 2-manufacturer manuals)--In possession of the state. *See complaint*

Ex. F – Chain-of-Custody Irregularities (affidavits; photos; logs). *See complaint*

Ex. G – Expert Declarations (digital forensics; human factors). *See complaint*

Ex. H – **Brady/Giglio** Demand Letters and Responses. *See complaint*